1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY LEE GAINES,

    Plaintiff,

    v.

MARK DAVID GREENBERG, et al.,

    Defendants.

Case No. 17-cv-05720-RS (PR)

**ORDER REOPENING ACTION;**

**ORDER OF DISMISSAL**

## INTRODUCTION

By way of this lawsuit, plaintiff seeks damages from her state appellate attorney, the institution that appointed him (the First District Appellate Project), and its executive director. The suit is barred for the reasons stated below and will be dismissed.

## BACKGROUND

This federal civil rights action was dismissed because plaintiff failed to comply with the Court's order to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the filing fee of $400.00. Plaintiff since has filed a complete IFP application. The action is REOPENED. The Clerk shall modify the docket to reflect this. The judgment (Dkt. No. 11), and the order of dismissal (Dkt. No. 10) are VACATED.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.　Legal Claims**

Plaintiff, a state prisoner proceeding pro se, alleges that her appellate attorney provided constitutionally inadequate representation and prevented her from accessing the courts when he failed to return court transcripts to her. The appellate project and its executive director are liable for appointing her attorney. In sum, according to plaintiff, defendants are liable under section 1983 for violating her federal constitutional rights and

under state tort law for malpractice and negligence. These allegations fail to state any claim for relief, however.

First, state criminal defendants generally cannot sue their attorneys in federal court for deficient representation. A state-appointed defense attorney "does not qualify as a state actor when engaged in his general representation of a criminal defendant." *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).[1] *Polk County* "noted, without deciding, that a public defender may act under color of state law while performing certain administrative [such as making hiring and firing decisions], and possibly investigative, functions." *Georgia v. McCollum*, 505 U.S. 42, 54 (1992) (citing *Polk County*, 454 U.S. at 325.) Plaintiff's claims fall squarely within *Polk County*'s ambit. Under that standard, plaintiff's allegations categorically fail to state a claim for relief under section 1983.

Second, this suit is barred by another Supreme Court opinion, *Heck v. Humphrey*, 512 U.S. 477 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

Where, as in the instant matter, a state prisoner seeks damages in a section 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

---

[1] For purposes of this order only, the Court will assume without deciding that appellate counsel was "state-appointed." The outcome would be the same if her attorney were a private actor. Private actors are not liable under section 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 487.

The instant complaint is barred by *Heck*. First, a judgment that defendants are liable for providing constitutionally inadequate representation would necessarily imply the invalidity of plaintiff's conviction or sentence. Second, nothing in the complaint suggests that her convictions have been invalidated.

Plaintiff may refile her claims against the First District Appellate Project and its executive director if she can show that her convictions have been invalidated in one of the ways specified in *Heck*. She may not refile her claims against her appellate attorney, however, because of the *Polk County* bar.

The federal claims are DISMISSED. Because there is now no basis for federal jurisdiction, plaintiff's state law claims are DISMISSED without prejudice to her pursuing such claims in state court.

## CONCLUSION

Plaintiff has failed to state any claim for relief. Accordingly, this action is DISMISSED. The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:** November 21, 2017

_____
RICHARD SEEBORG
United States District Judge